UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 0:13-CV-00707

| | |
|---|---|
| Brett Becklin,<br><br>          Plaintiff,<br>v.<br><br>Advantage Collection Professionals, Inc.,<br><br>          Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Brett Becklin (hereinafter "Plaintiff") is a natural person who resides in the City of Cambridge, County of Isanti, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Advantage Collection Professionals, Inc. (hereinafter "Defendant") is a collection agency and business corporation with a registered office address located at 495 2nd Avenue SE, Cambridge, Minnesota 55008, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime before February 2013, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an unpaid balance for services provided by Metro Anesthesia Care Services in the approximate amount of $329.33.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

### *Plaintiff Disputed This Debt With Defendant*

8. In February 2013, Defendant's collection agent called Plaintiff and demanded payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9. Defendant's February 2013 collection call was the initial communication with Plaintiff regarding this account.

10. Plaintiff did not recognize Defendant's business or the account that Defendant was attempting to collect from him.

11. During this telephone call, Plaintiff disputed that he owed this alleged debt to Defendant.

12. Plaintiff also asked Defendant's collection agent to stop calling him.

13. On or around February 15, 2013, Defendant sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. Defendant's February 15, 2013, collection letter provided the following account details:

>   Creditor……...…………: Metro Anesthesia Care Services
>   File……………………..: 516230
>   Client Account #.............: 66231124993
>   Balance…………………: $329.33

15. Defendant's February 15, 2013, collection letter also stated the following, in pertinent part:

> Thank you for choosing Metro Anesthesia Care Services for your health care needs. They have attempted to resolve your account with you but, the above balance remains unpaid. Therefore, your account has been placed with our office for collection.
>
> If you feel insurance is still responsible for paying this claim, please feel free to have your insurance company contact Metro Anesthesia Care Services.
>
> Even though your insurance may still pay, you have an obligation to our client to pay your account in full at this time.

> Please pay this account or contact our office to discuss your options.
>
> This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.
>
> Please contact our office with any questions or concerns.

16. Defendant's February 15, 2013, collection letter also properly provided a statement of Plaintiff's rights under the FDCPA to dispute the validity of the debt within 30 days of receiving the initial collection letter.

17. On or around March 1, 2013, pursuant to his rights under the FDCPA and within the 30-day time period from receipt of the February 15, 2013, collection letter, Plaintiff sent Defendant a letter disputing this debt.

18. Plaintiff's dispute letter was delivered to Defendant on March 4, 2013.

### *March 11, 2013, Illegal Collection Call*

19. On or around March 11, 2013, Defendant caused to be made another collection call to Plaintiff regarding this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20. Defendant's March 11, 2013, collection call led to a voicemail on Plaintiff's cell phone, which stated as follows:

> This message is for Brett Becklin. If you are not Brett Becklin, please hang up. If you are Brett, please continue to listen to this message, but you should not listen to this message so that other

      people can hear it as it does contain personal and private information. This is Lisa from Advantage Collection Professionals. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please contact me about an important business matter at (763) 689-1500. Thank you.

21. At the time Defendant made this phone call on March 11, 2013, Defendant had never mailed nor provided Plaintiff with written verification of this alleged debt after Plaintiff disputed the debt.

22. Defendant ignored Plaintiff's dispute, failed to cease collection of this debt, and continued to collect this disputed debt from Plaintiff without providing verification of the debt.

23. Defendant's failure to cease collection of this debt, before mailing or providing Plaintiff with verification of the debt, was an act done in violation of the FDCPA at 15 U.S.C. § 1692g(b).

24. This March 11, 2013, collection communication from Defendant was a deceptive, misleading, unfair and illegal communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1), and 1692g(b), amongst others.

### *March 12, 2013, Illegal Collection Call*

25. On or around March 12, 2013, Plaintiff returned Defendant's phone call to see what they were calling about.

26. During this March 12, 2013, call, Defendant's collection agent confirmed that they were calling about this alleged debt for Metro Anesthesia Care Services, and continued to demand payment from Plaintiff, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

27. Plaintiff responded that this debt had been disputed and he had still not received any verification from Defendant, or words to that effect.

28. The call ended shortly thereafter.

29. At the time of this March 12, 2013, call, Defendant had still never mailed nor provided Plaintiff with written verification of this alleged debt after Plaintiff disputed the debt.

30. Defendant continued to ignore Plaintiff's dispute, failed to cease collection of this debt, and continued to collect this disputed debt from Plaintiff without providing verification of the debt.

31. Defendant's failure to cease collection of this debt, before mailing or providing Plaintiff with verification of the debt, was an act done in violation of the FDCPA at 15 U.S.C. § 1692g(b).

32. This March 12, 2013, collection communication from Defendant was a deceptive, misleading, unfair and illegal communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of

the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1), and 1692g(b), amongst others.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

36. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 27, 2013

**BARRY, SLADE, WHEATON & HELWIG, LLC**

By: s/ Patrick J. Helwig
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone: (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Pursuant to 28 U.S.C. § 1746, Plaintiff Brett Becklin, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___March___, ___27___, ___2013___
              Month         Day        Year

_____
Signature